IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JUL - 7 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 3:15CR144–HEH |
| | ) Civil Action No.: 3:16CV630–HEH |
| WAYNE LEWIS, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
Pursuant to 28 U.S.C. § 2255)

Petitioner Wayne Lewis ("Petitioner"), a federal inmate proceeding *pro se*, entered a plea of guilty in this Court on October 8, 2015, to Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2. On January 8, 2016, Lewis was sentenced to 71 months of imprisonment, followed by three years of supervised release. On that same date, Petitioner admitted his conviction constituted a violation of his supervised release in Criminal Action No. 3:04CR367, in which he had been previously convicted of Possession of Heroin and Interference with Commerce by Robbery. On the supervised release violation, the Court sentenced Petitioner to six months of imprisonment to run consecutive to his underlying robbery conviction in Criminal Action No. 3:15CR144. Petitioner neither noted nor perfected an appeal to the United States Court of Appeals for the Fourth Circuit in the immediate case.[1] Lewis is currently serving his sentence at the Federal Correctional Institution in Hazelton, West Virginia.

---

[1] Petitioner's plea agreement contained a specific provision waiving his right of appeal.

The case is presently before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 33), which was timely filed. The United States has filed a response opposing the relief sought by Petitioner. His trial counsel, Valencia D. Roberts ("Roberts"), has also filed a declaration addressing Petitioner's claims.

Petitioner's § 2255 Motion raises three separate claims of ineffective assistance of counsel in the plea negotiation, sentencing, and appellate stages of the proceedings. He alleges that his trial counsel failed to file a notice of appeal as requested, failed to raise an objection to the application of a sentencing enhancement, and provided erroneous advice as to his sentencing exposure. (Pet'r's Mem. Support § 2255 Mot. 3–8, ECF No. 34.) The record, however, even taken in the light most favorable to Petitioner, fails to support any of his contentions. His perception of ineffectiveness flows from faulty recollection of pertinent facts and a misunderstanding of the law.

Several key components of the plea agreement in this case are critical to the Court's analysis of his claims. As mentioned, under the agreement Petitioner pled guilty to Count Two, charging aiding and abetting the armed robbery of an Exxon convenience store. The government agreed to dismiss the other related counts in the Indictment. Under the terms of the agreement, the United States was also obligated to make non-binding recommendations that Petitioner's term of imprisonment on Count Two run concurrently with any sentence imposed in the pending supervised release violation in Criminal Action No. 3:04CR367, that a four-point guideline adjustment be applied for use of a dangerous weapon during the robbery, as required by U.S.S.G. § 2B3.1(b)(2)(D),

2

and that a two-point enhancement be applied for reckless endangerment during flight from the scene of the robbery, pursuant to U.S.S.G. § 3C1.2. Additionally, as previously noted, Petitioner agreed to waive his right of appeal as part of his plea agreement on the robbery count. (Plea Hr'g Tr. 17:17–18:11, ECF No. 49-1.) Petitioner acknowledged these terms of the agreement which were explained to him by the Court. (*Id.*)

At Petitioner's sentencing hearing on January 8, 2016, the Court adopted all provisions of the plea agreement with the exception of the non-binding recommendation that his sentence on the robbery charge in 3:15CR144 run concurrent with any sentence imposed on the supervised release violation in 3:04CR367. After consideration of the breach of trust by Petitioner, evidenced by his participation in an armed robbery followed by a high speed pursuit and his prior criminal history, the Court sentenced Petitioner to six months of imprisonment on the supervised release violation to run consecutive to the sentence imposed on the robbery charge in 3:15CR144.

In *Missouri v. Frye*, the United States Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies to all stages of criminal proceedings. 566 U.S. 133, 140 (2012). The Court in *Frye* also emphasized that the two-part test articulated in *Strickland v. Washington* governs ineffective assistance claims in the plea bargain context as well. *Id.* (citing *Strickland*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985). The negotiation and acceptance of a plea offer is a critical stage of the proceedings during which the right to counsel adheres. *Lafler v. Cooper*, 566 U.S. 156, 177 (2012).

To prevail on a petition alleging ineffective assistance of counsel under 28 U.S.C. § 2255, a petitioner must first show that counsel's representation was deficient, and second, that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. The evidence in this case demonstrates neither.

To satisfy the deficient prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).[2] As to prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In analyzing ineffective assistance of counsel claims, the court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Strickland*, 466 U.S. at 697. To prove an actionable claim, petitioner must demonstrate a "reasonable probability of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (internal citations and quotation marks omitted).

---

[2] As Justice Kennedy noted in writing for the Court in *Premo v. Moore*, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." 562 U.S. 115, 122 (2011) (quoting *Strickland*, 466 U.S. at 690). Moreover, the Court in *Premo* cautioned reviewing courts to be mindful of the "potential for the distortions and imbalance that can inhere in a hindsight perspective." 562 U.S. at 125.

Petitioner's first claim founders on the shoals of the cold record. He contends that his Sixth Amendment rights were violated by trial counsel when she failed to file a notice of appeal "regarding movant's sentencing hearing held on January 8, 2016," as he requested. (Pet'r's Mem. Support § 2255 Mot. 3.) Petitioner's counsel, Roberts, acknowledges in her declaration that Petitioner requested that she "note his appeal with regard to imposition of the consecutive 6-month term" in case 3:04CR367. (Gov't's Resp. to § 2255 Mot., Ex. 2 at 3 (hereinafter "Roberts's Decl."), ECF No. 49-2.) As further indicated in her declaration, Roberts noted the appeal on January 21, 2016. Ms. Roberts's declaration unequivocally states that Petitioner never asked her to note an appeal in case 3:15CR144 (*id.*), and a close reading of Petitioner's § 2255 Motion is not to the contrary.[3] In a per curiam opinion issued on October 27, 2016, the United States Court of Appeals for the Fourth Circuit not only affirmed the sentence imposed by the district court on the supervised release violation, but also noted "we also have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal." *United States v. Lewis*, 664 F. App'x 287, 289 (4th Cir. 2016).

Petitioner's second claim is also unsupported by the record. He contends that he was denied his Sixth Amendment right to effective assistance of counsel because "trial counsel did not raise an objection to the court's imposition of an enhanced sentence, for the 'used' [sic] of the firearm, after the government undisputable [sic] noticed that

---

[3] Given Petitioner's express wavier of his right to appeal as an integral part of his plea agreement, there were no circumstances which would have reasonably led Roberts "to conclude that a rational defendant would want to appeal, thus prompting counsel's duty to consult." *United States v. Cooper*, 617 F.3d 307, 313 (4th Cir. 2010) (internal quotation marks and citations omitted).

movant did not 'used' [sic] the firearm, but, rather, 'brandished['] the firearm." (Pet'r's Mem. Support § 2255 Mot. 5.) The plea agreement, which Petitioner signed and acknowledged in open court, contained a specific provision that the parties agreed to "a four-point specific offense characteristic adjustment . . . [for] use of a dangerous weapon during the robbery, pursuant to U.S.S.G. § 2B3.1(b)(2)(D)." (Plea Agreement 2, ECF No. 19; Plea Hr'g Tr. 2:24–25.) The Petitioner also acknowledged during his plea hearing that he had read the plea agreement, understood it, discussed it with his attorney, and signed the document. (Plea Hr'g Tr. 9:8–24.) Clearly, trial counsel had no grounds to object to a sentencing enhancement that her client had knowingly agreed to.

Lastly, Petitioner contends that trial counsel gave him erroneous advice with respect to his sentencing exposure. By way of amplification, he maintains that

> on or about October 2, 2015, while movant was being housed at the jail, counsel Ms. Roberts came to visit movant. During this visit, counsel advised movant that it [would] be in his best interest to take the 5-years offer, as to count two; and advised movant if he [went] to trial and won, he [would] still face 5-years sentence, so you (movant) might as well take the 5-years.

(Pet'r's Mem. Support § 2255 Mot. 7.)

Once again, Petitioner's trial counsel, Roberts, acknowledges the conversation and clarifies Petitioner's misunderstanding of its import. She explains,

> Petitioner is correct that counsel advised him that he could be found *not guilty* of the robbery count alleged in 3:15cr144, but still be found guilty by the Court of violating the terms of his supervision *if* the district judge believed that the government's evidence was sufficient to meet the lesser burden required in a violation petition. Undersigned counsel also advised petitioner that the advisory guideline range for the violation was 24–30 months with a statutory maximum penalty of 60 months.

6

(Roberts's Decl. 4 (emphasis in original).)

Since none of the claims raised by Petitioner merit closer examination, an evidentiary hearing is unnecessary. *Sanders v. United States*, 373 U.S. 1, 21 (1963). The record at hand yields no factual foundation for any of his ill-conceived claims. Petitioner's perception of ineffectiveness flows from his misunderstanding of the law and blurred recollection of key events.

Despite unadorned challenges to the wisdom and judgment of his counsel, Petitioner has not demonstrated that counsel's performance was inadequate, ineffective, or prejudicial. To the contrary, she faithfully followed her client's instructions and was, in all respects, objectively reasonable. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will be denied.

Because Petitioner's § 2255 Motion lacks merit, his Motion to Issue Subpoena and Receive Discovery (ECF No. 44) in support of his § 2255 Motion will also be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: July 7, 2012
Richmond, VA