IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 3:15-cr-144-HEH |
| v. | ) | |
| | ) | |
| WAYNE LEWIS, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
**(Dismissing § 2255 Motion)**

By Memorandum Opinion and Order entered on July 7, 2017, the Court denied a 28 U.S.C. § 2255 motion filed by Wayne Lewis. (ECF Nos. 54, 55.) Lewis was released from incarceration on May 5, 2021 (*see* ECF No. 89); however, he continued to violate his terms of supervised release. On May 18, 2022, the Court held a hearing for Lewis' supervised release violations, found Lewis guilty, and sentenced him to five months of incarceration with no term of supervised release to follow. (ECF Nos. 105, 106.) During that period of incarceration, Lewis filed the 28 U.S.C. § 2255 motion now before the Court. ("§ 2255 Motion," ECF No. 107.) The Government has filed a Motion to Dismiss because, *inter alia*, the motion is successive and unauthorized. (ECF No. 110.) As discussed below, it is apparent that the Court lacks jurisdiction to entertain the § 2255 Motion because it is both moot and successive.

Lewis was released from incarceration for the supervised release violation in this case as of December 16, 2022, while the § 2255 Motion was pending. (*See* ECF No. 115.) Lewis had no remaining supervised release to follow. (See ECF Nos. 105,

106.) Therefore, the § 2255 Motion is moot because Lewis has completed his sentence in the present case. *See United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citation omitted) (explaining that "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever"); *cf. Spencer v. Kenma*, 523 U.S. 1, 7 (1998) (holding that a challenge to incarceration for a parole revocation becomes moot upon completion of revoked term of imprisonment).[1]

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[1] In its July 7, 2017 Memorandum Opinion, the Court explained that when Lewis pled guilty in this case to Hobbs Act robbery, on the same date, "he admitted his conviction constituted a violation of his supervised release in Criminal Action No. 3:04CR367." (ECF No. 54 at 1.) On January 8, 2016, the Court sentenced Lewis to six months of imprisonment for the supervised release violation to run consecutive to his underlying robbery conviction in this case, with no further supervised release to be served. *See United States v. Lewis*, No. 3:04CR367 (E.D. Va. Jan. 1, 2016), ECF Nos. 39, 40. As the Government correctly asserts, to the extent that Lewis challenges his sentence in No. 3:04CR367, he has already completed that sentence and the corresponding term of supervised release. Therefore, any challenge to that sentence is also moot.

In the alternative, the Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because the United States Court of Appeals for the Fourth Circuit has not authorized this Court to entertain Lewis' § 2255 Motion, the § 2255 Motion can also be dismissed for lack of jurisdiction on the ground that it is successive and unauthorized.

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Lewis has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will follow.

/s/

Henry E. Hudson
Senior United States District Judge

Date: March 28, 2023
Richmond, Virginia

3