IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                       ) | Criminal Action No. 3:15-cr-144–HEH |
| ) | |
| WAYNE LEWIS,                              ) | |
| ) | |
| Petitioner.                    ) | |

## MEMORANDUM OPINION
(Denying Writs of Error Coram Nobis)

By Memorandum Opinion and Order entered on July 7, 2017, the Court denied a 28 U.S.C. § 2255 motion filed by Wayne Lewis. (ECF Nos. 54, 55.) Lewis was released from incarceration on May 5, 2021 (*see* ECF No. 89); however, he then violated his terms of supervised release. On May 18, 2022, the Court held a hearing for Lewis's supervised release violations, found Lewis guilty, and sentenced him to five months of incarceration with no term of supervised release to follow. (ECF Nos. 105, 106.) On July 31, 2024, and September 30, 2024, the Court received two Writs of Error Coram Nobis from Lewis. (ECF Nos. 118, 119.) For the reasons stated herein, the Writs of Error Coram Nobis will be denied.

Lewis was released from incarceration for the supervised release violation in this case as of December 16, 2022. (*See* ECF No. 115.) Lewis had no remaining supervised release to follow. (*See* ECF Nos. 105, 106.) Therefore, Lewis has completed his sentence in the present case.

> An individual seeking coram nobis relief must satisfy four threshold prerequisites:
>
> First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or controversy requirement; and, finally, the error that is shown must be "of the most fundamental character."

*Bereano v. United States*, 706 F.3d 568, 576 (4th Cir. 2013) (quoting *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012)). Lewis fails to demonstrate any fundamental error that warrants relief.

Lewis challenges his sentence on the grounds that it was "illegally enhanced . . . base[d] off an enhancement he received for bringing back a new charge while on probation in a prior sentence 3:04-cr-00367-HEH 1 (ECF No. 39, 1/8/16) which makes the judgment void in this case and should be vacated." (ECF No. 119, at 1.) While Lewis satisfies the first threshold prerequisite because he has completed his sentence and may not bring a motion pursuant to 28 U.S.C. § 2255, the Court need not extensively review the second and third threshold prerequisites because based on his arguments in this case, Lewis has failed to show that any alleged error in sentencing was "of the most fundamental character." *Bereano*, 706 F.3d at 576 (quoting *Akinsade*, 686 F.3d at 252). "[A]n error 'of the most fundamental character' is one that has 'rendered the proceeding itself irregular and invalid.'" *Id.* (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). Lewis indicates that his sentence was unlawfully enhanced but he fails to

2

adequately explain why.¹ However, what is abundantly clear is that whatever enhancement Lewis received to his sentence, it failed to "render[] the proceeding itself irregular and invalid." *Id.* Thus, Lewis fails to show he is entitled to any relief.

Accordingly, Lewis's Writs of Error Coram Nobis (ECF No. 118, 119) will be denied.

/s/

Henry E. Hudson
Senior United States District Judge

Date: Dec. 16, 2024
Richmond, Virginia

---

¹ The Government filed a cumulative response to the five (5) writs of error coram nobis that Lewis filed in this case and in No. 3:04CR367. (*See* ECF No. 120.) The Government addresses much more specific arguments that Lewis did not make here. The Court determines that based solely on the exceedingly vague arguments that Lewis made in this case, he is not entitled to relief.

3